Brough, J.
The plaifitiff, Charles S. Ashley, brings this action as a taxpayer of the city of Toledo and on behalf of the city. On the 22d day of August, 1910, an ordinance was passed by the council authorizing and directing the director of public service to advertise for bids for a lease for office quarters required for officers and employes of the city. The ordinance also directs the director of public service to make a written contract with the lowest and. best bidder, in accordance with law. An application has been made to me as a judge of the court of common pleas for a temporary order enjoining and restraining the board of control of the city from taking any official action under the ordinance referred to, and enjoining and restraining the director of public service from doing likewise, on the grounds that *311 such action would be a misapplication of the funds of the city and an abuse of. the corporate powers.
The petition in the action was filed on September 7, 1910. On September 8, 1910, the city solicitor filed an action in which the city of Toledo is plaintiff, asking for the same relief, both temporary and final, as was prayed for in the prior action. When the matter came before me upon the application for a temporary restraining order in the action begun by Ashley as a tax-payer, the question was raised by the city solicitor on behalf of the city as to the right of . Mr. Ashley to maintain his action, the solicitor not having directly refused to bring the proceeding. This question, however, was, by agreement of counsel, amicably disposed of, and the application for the temporary order was argued to the court upon its merits.
The question presented is whether the director of public service of the city, under the code, has authority to enter into a lease for office quarters for the officers and employes of the city of Toledo, or whether that power lies only in the council.
Section 123 of the municipal code provides:
“The powers of council shall be legislative only, and it shall perform no administrative duties whatever * * * except as may be otherwise provided in this act.”
Section 139 of the municipal code provides:
“The director of public service shall manage and supervise all public works and undertakings of the city, except as otherwise provided by law, and shall have all powers and perform all duties conferred by law upon the directors of public service or the board of public service, except as otherwise provided by law. ’ ’
Section 111 provides:
“The director of public service * # * shall supervise the construction and have charge of the maintenance of public buildings and other property of the corporation not otherwise provided for in this act, and he shall have the management of all other matters provided by the council in connection with the public service of the city. ’ ’
Section 14.3 provides:
“The director of public service may make any contract or purchase supplies or material or provide labor for any work under the supervision of that department not involving more *312 than five hundred dollars. When any expenditure within said department, other than the compensation of persons employed therein, exceeds five hundred dollars, such expenditure shall first be authorized and directed by ordinance of council and when so authorized and directed, the directors of public service shall malee a written contract with the lowest and best bidder after advertisement for not less than two nor more than four consecutive weeks,” etc.
There can be no doubt that the city of Toledo, not owning a city hall or a public building, has the power to lease office rooms necessary to the proper conduct of the business of the city. The council of the city has passed the necessary legislation, which is legal ni form, to carry out that purpose. Under Section 141 of the code, which is above quoted in part, the director of public service, after a lease of the property had been made for city purposes, would have the management of the same. The power vested in the director of public service to manage property after the lease has been-made carries with it, in my opinion, the power to make the lease or contract itself. I believe that this coficlusion on my part is fully sustained by the opinion of the circuit court of this county as expressed in the case of Yaryan v. Toledo, 8 C.C (N.S.), 3, which was an action brought to restrain the execution of a contract for the construction of the filtration plant. The ordinance in that matter provided, among other things, that the board of public service should advertise for bids and let a contract for the construction of the filtration plant. It was contended that the board of public service was not authorized by the municipal code to make the contract. The circuit court, however, determined that Section 141 of the municipal code, which at that time gave to boards of public service the management of public buildings and .other property of the corporation, gave to boards of public service, which the directors of public service have succeeded, the power to contract for the construction of the filtration plant which, when constructed, would be under the management of the board of public service.
In my opinion, the director of public service, under the authority granted by the ordinance passed by council, has the power to make a lease for the city officers. Taking this view of the law governing the matter, it is unnecessary for me to determine the question as to the right of council to delegate its powers, *313 or to determine the question as to whether the entering or mailing such contract by the director of public service in the name of and on behalf of the city would be such a misapplication of the funds of the city as would vest in a tax-payer the right to maintain such an action as this.
The application for a temporary restraining order is therefore denied.